IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARTIN MARTINEZ,

    Petitioner,

v.                                           No. 12-cv-932 JCH/RHS

STATE OF NEW MEXICO,

    Defendant.


**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    THIS MATTER is before the Court on Petitioner's Amended Petition For A Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed December 20, 2012 (Doc. 6). This case was referred to the undersigned by the trial court with instructions to recommend an ultimate disposition of the case (Doc. 8). Petitioner challenges his conviction on two criminal counts pursuant to a guilty plea before the Second Judicial District Court, County of Bernalillo in Cause No. Cr-2010-1845 (Doc. 6). Petitioner specifically challenges the sentences imposed for each count that the state court ordered to be served consecutively (Doc. 10-1 at 3). The State filed "Respondent's Answer to Martin Martinez's *Pro Se* Petition for Writ of Federal Habeas Corpus (28 U.S.C. § 2254)" ("Respondent's Answer") on January 15, 2013 (Doc. 10) asserting that the Petition is subject to dismissal because Petitioner's claim is time-barred, Petitioner failed to exhaust state court remedies, and Petitioner fails to raise a cognizable federal habeas corpus claim.

    After a careful review of the Petition (Doc. 6), Respondent's Answer (Doc. 10) and the

relevant authorities, the Court recommends that the Petition be denied and that this case be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On September 15, 2010, Petitioner appeared in state court to be sentenced pursuant to his guilty plea in Cr. 2010-01845 for Count 1, Homicide by Vehicle (DWI) and Count 2, Leaving the scene of an accident (GBH or Death) (Doc. 10-1 at 6).  Plaintiff was represented by counsel during the state court proceeding (Doc. 6 at 2).  The state court sentenced Petitioner to a total term of incarceration of nine years as follows: (1) on Count 1, Petitioner was sentenced to six (6) years, and (2) on Count 2, Petitioner was sentenced to 3 years (Doc. 10-1 at 2).  After release Petitioner will be subject to a term of parole for two (2) years.  Id.  On September 28, 2010, the state court entered the Judgment, Sentence and Commitment to New Mexico Corrections Department ("Judgment and Sentence") (Doc. 10-1 at 3).  More than a year after the Judgment and Sentence was filed Petitioner filed his Motion to Amend Judgment and Sentence on February 23, 2012 (Doc. 10-1 at 10).  Petitioner claimed that he did not receive "post sentencing confinement" credit, requested "discretionary good time" for time in custody, and requested that his nine-year sentence be amended to allow his sentences on Counts 1 and 2 to be served concurrently.  Id.  On March 30, 2012, the Assistant District Attorney filed a Response requesting denial of the Motion to Amend for lack of jurisdiction given the untimeliness of Petitioner's request (Doc. 10-1 at 13).  The state court filed an Order Denying Defendant's Motion to Amend on June 25, 2012 (Doc. 10-1 at 23).  The Court made four findings: 1) the Motion was untimely and the state court lacked jurisdiction, (2) Petitioner received confinement credit for the time in custody prior to sentencing, (3) New Mexico's statutory scheme does not allow good time credit for pre-sentence confinement, and (4) Petitioner received post-sentence


confinement credit by the terms of the Judgment and Sentence (Doc. 10-1 at 24).  Petitioner filed his Petition for Writ of Habeas Corpus in the Federal Court on September 4, 2012 (Doc. 1).  On September 6, 2012, the Court entered an Order to Cure Defects because Petitioner filed his Petition using a form normally used for filing civil rights complaints and he failed to make payment or file a motion for leave to proceed *in forma pauperis* (Doc. 2).  Petitioner complied with the Order of the Court by filing his Motion for Leave to Proceed *in forma pauperis* on December 3, 2012.  He then filed his Amended Petition for Writ of Habeas Corpus on December 20, 2012 (Doc. 6).  Respondent filed its Answer to Inmate Petition on January 15, 2013 (Doc. 10).  Petitioner has not filed any reply.

## LEGAL STANDARD AND ANALYSIS

Petitioner's § 2254 petition raises one ground for relief, which was raised in the Motion to Amend Judgment filed in the state court (Doc. 10-1 at 10).  Petitioner seeks federal habeas relief claiming that because of ineffective assistance of counsel, he was denied due process in the state court proceeding (Doc. 6 at 2).  Petitioner requests that the Court modify his "state" sentence so that Count 1 and Count 2 will run concurrently instead of consecutive.  Id.

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004).  Under AEDPA, the Court cannot grant habeas relief pursuant to 28 U.S.C. § 2254(d), unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1) - (2).  State court decisions must be given the benefit of the

doubt. Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011) (citing Renico v. Lett, __ U.S. __, 130 S. Ct. 1855, 1862 (2010)).  AEDPA increased the deference federal courts must show state court's factual findings and legal determinations. Houchin v. Zavara, 107 F.3d 1465, 1470 (10th Cir. 1997).  The Court must presume the factual findings made by the state court are correct and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

The State urges this Court to deny the Amended Petition (Doc.10) on three bases: (1) the Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1), (2) Petitioner failed to exhaust available state court remedies pursuant to 28 U.S.C. § 2254 (b)(1)(A), and (3) the Petition raises an issue that is a matter of New Mexico state law regarding sentencing that the Federal Court is barred from reviewing.

## I.
## PETITIONER'S CLAIM IS TIME BARRED

The State argues that the Petition should be dismissed with prejudice because it is time barred pursuant to 28 U.S.C. § 2244(d)(1).  The State correctly cites to The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which provides that there is a one-year limitation period for state prisoners to file an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  N.M.S.A. 1978 § 39-3-3, provides that "[i]n any criminal proceeding in district court an appeal may be taken by the defendant to the supreme court or court of appeals. . . within thirty days from the entry of any final judgment." See also, N.M.R.A. Rule 12-201(a)(2) (providing that "[a] notice of appeal shall be filed within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office.")  "A final judgment in a criminal case is one which . . . adjudicates that defendant to have been convicted of a criminal offense and imposes, suspends or defers sentence." State v. Celusniak, 135 N.M. 728, 732 (Ct. App. 2004)

(citing State v. Garcia, 99 N.M. 466, 471 (Ct. App. 1983).

Petitioner's conviction became final on October 28, 2010, thirty (30) days after entry of the Judgment and Sentence on September 28, 2010 (Doc. 10-1 at 4). The one-year limitation under AEDPA began to run effective October 28, 2010. Currently, New Mexico places no time limits on filing a state habeas petition but that does not apply to federal habeas petitions which are governed by the provisions of the AEDPA and subject to the one-year statute of limitations for state prisoners to file an application for writ of habeas corpus. Therefore, the Court concludes that the Petition is untimely and recommends dismissal.

## II.
## PETITIONER FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES

Assuming for argument that Petitioner's claim was not time-barred, Petitioner failed to exhaust his available state court remedies. Generally, a habeas petitioner is required to exhaust all state court remedies prior to obtaining federal habeas review. 28 U.S.C. § 2254(b)(1)(A). A federal court may consider a petition for writ of habeas corpus only after a petitioner fairly presents his claims to the highest state court. The exhaustion requirement is satisfied if the federal issue was properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. Dever v. Kansas State Penitentiary, 36 F.3d 1531 (10th Cir. 1994). The district court may choose to either (1) dismiss the petition and allow the petitioner to return to state court to exhaust his remedies, Rose v. Lundy, 455 U.S. 509, 510 (1982), or (2) deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies. 28 U.S.C. § 2254 (b)(2). "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981).

Here, Petitioner has not addressed Respondent's assertion that Petitioner failed to exhaust

5

his state court remedies. The Respondent's Answer was filed January 15, 2013. Petitioner has had ample opportunity to prepare and file a reply addressing Respondent's arguments but there has been no reply. The filings of the parties support a determination that Petitioner failed to meet the exhaustion requirement. Therefore, the Court concludes that Petitioner failed to exhaust his state court remedies and recommends dismissal of the Petition.

### III.
### PETITIONER'S CLAIM FAILS ON THE MERITS

Again assuming for argument that Petitioner's claim was not time-barred nor did Petitioner fail to exhaust his state court remedies, Petitioner's claim would still fail on the merits. Federal courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). The Supreme Court has stated that in certain cases "it is appropriate for a federal appellate court to address the merits of unexhausted § 2254 federal habeas corpus claims if they fail, as here, to raise even a colorable federal claim, and if the interests of justice would be better served by addressing the merits of the habeas petition." Granberry v. Greer, 481 U.S. 129 (1987). The Tenth Circuit also concluded that "it is appropriate to address the merits of a habeas petition notwithstanding the failure to exhaust available state remedies where, as here, the interests of comity and federalism will be better served by addressing the merits forthwith." Hoxsie v. Kerby, 108 F.3d 1239, 1242 (10th Cir. 1997) (citing Granberry v. Greer, 481 U.S. at 134) (*internal quotations omitted*); *See also*, Moore v. Schoeman, 288 F.3d 1231, 1231 (10th Cir. 2002); Rudolph v. Galetka, 2000 WL 33407004 (D. Utah 2000).

Petitioner challenges the consecutive nature of his state court sentence (Doc. 6). He does not offer any argument or any authority that demonstrates he is entitled to the relief requested. Petitioner further argues that his trial counsel was ineffective because she failed to "submit documents to court in a timely manner" (Doc. 6 at 2). Respondent makes two arguments for the proposition that Petitioner's claim is not meritorious. First, if counsel decided not to file a timely motion to amend the sentence, the decision should be "deemed a sound tactical or strategic one that is accorded a high degree of deference here" (Doc. 10 at 8). Second, "even if the late filing could possibly be deemed an instance of ineffective assistance of counsel," Petitioner was not prejudiced. Id. The Court notes that nothing in the Amended Petition suggests that there has been an "unreasonable application of clearly established federal law" or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(1)-(2). The state court's Order Denying Defendant's Motion to Amend Judgment and Sentence found that the state court lacked jurisdiction to address amendment of Petitioner's sentence because the Motion was untimely (Doc. 10-1 at 24). The state court further found that Petitioner was properly credited for time served during "pre-sentence confinement" and that "post-sentence confinement" credit was already granted in the Judgment and Sentence. Id. at 24.

As to Petitioner's ineffective assistance of counsel claim, the Court does not find that Petitioner has alleged sufficient facts to support a claim. In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that "counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance. Sandoval v. Ulibarri, 548 F.3d 902, 909

(10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).  In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness.  The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance."  Id.  There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  Strickland, 466 U.S. at 688.  "Conclusory allegations are insufficient to support an ineffective assistance of counsel claim."  U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994).

Finding prejudice under the second Strickland prong, requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  In the context of asserting ineffective assistance of counsel for a plea agreement, Petitioner is required to show that "counsel's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  U.S. v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (*citing* Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order.  Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (*citing* Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005).  The Court need not address both components if the petitioner fails to make sufficient showing of either.  Id.

Petitioner makes conclusory allegations unsupported by any admissible evidence or

statements demonstrating when or even if he requested counsel to seek modification of his state sentence.  In fact, Petitioner entered into a Plea and Disposition Agreement ("Plea Agreement") agreeing to plead guilty to Counts 1 and 2 (Doc. 10-1 at 6).  In accordance with the terms of the Plea Agreement, Petitioner agreed that he would serve a "period of incarceration of nine (9) years, followed by parole as required by law" (Doc. 10-1 at 7).  The Plea Agreement provided that Petitioner would only plead guilty to Counts 1 and 2 and all remaining charges would be dismissed.  Id. at 7.  The Court notes that Petitioner signed the Plea Agreement.  Id. at 8.  Now Petitioner is dissatisfied with the sentence imposed in accordance with the Plea Agreement and seeks modification by the federal court.  Petitioner does not give specific facts demonstrating that his attorney's alleged "actions/inactions" were outside the range of professionally competent assistance.  Nor does Petitioner explain how he was prejudiced.

The Court concludes that Petitioner's allegations are insufficient to satisfy the requirements of Strickland.  The Court recommends Petitioner's claim for ineffective assistance of counsel be denied.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claim raised in his 28 U.S.C. § 2254 Petition.  Therefore, the Court recommends that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 6) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the

clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE